IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>THOMAS J. TROUBA,<br><br>　　　　　　　　Defendant. | 8:20-CR-316<br><br>ORDER ON MOTION TO WITHDRAW AND MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS |

　　　　This matter is before the Court on defense counsels' Motion to Withdraw, Filing 143, and defendant Thomas J. Trouba's Motion for Leave to Appeal in Forma Pauperis, Filing 141. The Motion to Withdraw is denied and the Motion for Leave to Appeal in Forma Pauperis is granted.

　　　　The Motion to Withdraw requests that Trouba's current counsel be allowed to withdraw and that the Court appoint the Federal Public Defender to represent Defendant. Filing 143 at 1. Under Eighth Circuit Rule 27B(a), "[r]etained counsel in criminal cases . . . shall file a notice of appeal upon their client's request. Defendant's trial counsel, whether retained or appointed, shall represent the defendant on appeal, unless the Court of Appeals grants permission to withdraw."[1] Eighth Circuit Rule 27B(a); *see also* *United States v. Ehrlich*, No. CRIM. 06-293 JNE, 2013 WL 6404778, at *1 (D. Minn. Dec. 6, 2013) (denying retained counsel's motion to withdraw); *United States v. Sanchez-Perez*, No. 07-CR-50033-002, 2008 WL 912859, at *1 (W.D. Ark. Apr. 3, 2008) (noting that the court was without power to allow the criminal defendant's attorney to withdraw after notice of appeal had been filed). The Court also notes that Defendant has filed a Notice of Appeal, which divests this court of authority "over those aspects of the case involved in the

---

[1] This rule is reiterated in the Eighth Circuit's "Plan to Expedite Criminal Appeals," which states that "[a] motion to withdraw made after a defendant's sentence has been imposed must be filed with the clerk of the Court of Appeals and should not be filed until after the appeal has been docketed in the Court of Appeals." *Eighth Circuit Plan to Expedite Criminal Appeals*, https://www.ca8.uscourts.gov/sites/ca8/files/plan.pdf.

1

appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Rule 27B reposes the authority to permit a criminal defense attorney to withdraw with the Eighth Circuit once an appeal has been filed. Because the Eighth Circuit requires criminal defense counsel to obtain that court's permission before withdrawing, the Motion to Withdraw must be denied and reasserted before the Eighth Circuit. For these same reasons, the Court is without power to appoint the Federal Public Defender to represent Defendant, as the Motion to Withdraw also requests. *See Sanchez-Perez*, 2008 WL 912859, at *1 (concluding that the court could not appoint counsel for the defendant who had filed a *pro se* notice of appeal and already had retained counsel).

The Court does have the authority to consider the Motion for Leave to Appeal in Forma Pauperis, however. *See* Fed. R. App. P. 24(a)(1) ("[A] party to a district-court action who desires an appeal in forma pauperis must file a motion in the district court."). Rule 24(a)(1) requires a party who was not granted prior approval to proceed *in forma pauperis* to file a motion with an affidavit showing "the party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

The Court has reviewed the affidavit and Motion and concludes that the requirements under Rule 24 have been met. Therefore, Defendant is granted leave to proceed *in forma pauperis* on appeal. Accordingly,

   IT IS ORDERED:

   1. Defense Counsels' Motion to Withdraw, Filing 143, is denied; and
   2. Defendant's Motion for Leave to Appeal in Forma Pauperis, Filing 141, is granted.

Dated this 24th day of January, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge