IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  THOMAS J. TROUBA,  Defendant. | 8:20–CR–316  ORDER |

      This Court previously issued an Order dispensing with several *pro se* submissions that Defendant Thomas J. Trouba had filed. Filing 188. However, the Court directed the Government to respond to Trouba's request for the return of certain property, which the Court construed as a Rule 41(g) Motion. *See* Fed. R. Crim. P. 41(g); Filing 188 at 16–17. This property can generally be described as falling within one of three categories: (1) appliances and yard accessories; (2) electronic devices; and (3) "Wana gummies" (*i.e.*, gummies containing some amount of THC). *See* Filing 188 at 14–16. The Government filed a response addressing the whereabouts and status of such property along with an Index of evidentiary materials. Filing 189; Filing 191. With respect to the first category of property, the Government advises the Court that it is no longer in possession of such property because it was sold along with Trouba's forfeited house. Filing 189 at 1. With respect to the second category of property, the Government advises the Court that Trouba's electronic devices remain in the custody of the Douglas County Sheriff's Office Property and Evidence Division (DCSO), and that the Government "is prepared to release [Trouba's] electronic devices when the statute of limitations for [Trouba] to seek collateral relief has fully elapsed." Filing 189 at 2. With respect to the third category of property, the Government contends that Trouba has "not shown he is entitled to lawfully possess [the gummies] under state or federal law." Filing 189 at 5.

1

Having considered the record, the submissions relevant to this matter, and the governing law, the Court concludes that an evidentiary hearing is necessary with respect to the appliances and yard accessories as well as the gummies. See *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). The Court appoints the Office of the Federal Public Defender to represent Trouba at this hearing in furtherance of his Rule 41(g) Motion.

## I. BACKGROUND

The Court recounted pertinent background information regarding Trouba's case in its prior Order. Filing 188 at 2–5. The Court incorporates and relies on that same background information for purposes of this Order. As recounted in that prior Order, this Court entered Judgment in Trouba's case on January 9, 2023. Filing 135. The United States Court of Appeals for the Eighth Circuit affirmed the Judgment on December 11, 2023. See *United States v. Trouba*, No. 23-1143, 2023 WL 8539667, at *1 (8th Cir. Dec. 11, 2023) (per curiam). As such, the present Rule 41(g) Motion "is treated as a civil action for equitable relief." *United States v. Mendez*, 860 F.3d 1147, 1149 (8th Cir. 2017) ("Although a motion is filed under Criminal Rule 41(g), when the filing comes after the termination of criminal proceedings, it is treated as a civil action for equitable relief").

## II. DISCUSSION

*1. Category One: The Appliances and Outdoor Accessories*

In its prior Order, the Court addressed "Trouba's request for the return of his fridge, his washer and dryer, his hot tub, his gazebo, and his microwave[,]" and noted that the Court did "not know whether the Government is even in possession of such property." Filing 188 at 15. The Government now tells the Court that it "is no longer in possession of the defendant's refrigerator, microwave, gazebo, hot tub, and washer and dryer." Filing 189 at 1. According to the Government, "on July 21, 2023, the United States, through its custodian the United States Marshals Service

(USMS), took possession of defendant's residence, including the refrigerator, microwave, gazebo, hot tub, and washer and dryer." Filing 189 at 1. The Government also says that the USMS's Real Property Contractor engaged a local realtor to list the property for sale and the property was sold on February 8, 2024. Filing 189 at 1. Consistent with the USMS's standard procedure, the Government says that the property was sold "as-is" which means that "[t]he sale therefore include[d] any personal property remaining, excepting items containing personal identifying information or contraband." Filing 189 at 1. The materials the Government submitted along with its response generally support these assertions. *See* Filing 191; Filing 191-1; Filing 191-2.

"When the government asserts that it no longer possesses property whose return is sought under Rule 41(g), the district court must determine whether the government retains the property, and if the court finds the government no longer possesses the property, then it must determine what happened to the property." *United States v. Bailey*, 407 F. App'x 74, 75–76 (8th Cir. 2011). The Government has provided sufficient evidence at this stage to demonstrate that it no longer possesses Trouba's refrigerator, microwave, gazebo, hot tub, or washer and dryer. As the Eighth Circuit noted in *United States v. Howard*, a claimant like Trouba is not required to show that the Government presently "has" the property he seeks; rather, he must show "that the Government has *or had* the property[.]" 973 F.3d 892, 894 (8th Cir. 2020) (emphasis added); *see also United States v. Hall*, 269 F.3d 940, 942 (8th Cir. 2001) (explaining that these "proceedings do not become moot merely because the government is no longer in possession of the property in question"); *Bailey*, 407 F. App'x at 76 ("Because the government acknowledged once having had actual possession of these items, [the claimant] is entitled to seek their return under Rule 41(g)").

Although the Court expressly directed the Government to "state its position with respect to this particular property" in its prior Order, Filing 188 at 16, the Government did not do so in its

3

response. *See* Filing 189 at 1. In fact, the Government's response dedicates only 120 words to this category of property. *See* Filing 189 at 1. While the Government may have adequately shown that it disposed of this property, questions remain as to whether it should have done so. *See United States v. Bailey*, 700 F.3d 1149, 1152–53 (8th Cir. 2012) ("When a court determines that the government no longer possesses the property whose return is sought, it should grant the movant an opportunity to assert an alternative claim for money damages") (cleaned up); *see also United States v. Bailey*, 407 F. App'x 74, 75 (8th Cir. 2011) ("Under these circumstances, the district court should have conducted an evidentiary hearing to determine the current possessor of the currency and whether [the claimant] is entitled to its return"). It is clear from the Government's evidentiary materials that it previously "had" possession of Trouba's fridge, washer and dryer, hot tub, gazebo, and microwave. *See generally* Filing 191. However, because the Government's response does not articulate one way or the other whether its disposition of these items along with the forfeited real property was proper, the Court concludes that it is appropriate to hold a hearing on the matter.[1] *See Blade v. United States*, 256 F. App'x 24, 25 (8th Cir. 2007) ("We conclude that [the claimant's] Rule 41(g) motion presented factual issues related to whether [the claimant] was entitled to the return of his property. Particularly in light of the lack of response from the government, these issues could not be resolved without an evidentiary hearing, and the district court erred in summarily denying [the claimant's] motion"). Given that the property is no longer in possession of the Government, a hearing will also allow the parties to address whether, to what extent, and by

---

[1] As the Court noted in its prior Order, "whether Trouba is entitled to the return of such property might ultimately turn on factual determinations as to whether these items of property constitute 'fixtures' such that they became part of the real estate that was subject to criminal forfeiture." Filing 188 at 15. The Government's response does not indicate one way or the other whether it believes that these items of property constituted fixtures. *See generally* Filing 189. Given that the question of whether certain property amounts to a fixture "depends upon the facts of that case" under Nebraska law, *see Griffith v. Drew's LLC*, 860 N.W.2d 749, 760–761 (Neb. 2015), that is all the more reason to hold an evidentiary hearing. *See* Fed. R. Crim. P. 41(g) ("The court must receive evidence on any factual issue necessary to decide the motion").

what potential mechanism Trouba may assert an alternative claim for damages. *See Bailey*, 700 F.3d at 1152–53.

2. Category Two: The Electronic Devices

Trouba also requested return of certain electronic devices—namely, his cell phones, tablet, and laptop computer. Filing 178 at 1. The Government advises the Court that these "electronic devices remain in the custody of the Douglas Count Sherriff's Office Property and Evidence Division." Filing 189 at 2. However, because the Government's response makes clear that it considers this property to constitute "evidence in a federal prosecution," this property is still within the Government's constructive possession for purpose of Rule 41(g). *See Howard*, 973 F.3d at 894–95 ("To constructively possess seized property in these circumstances, the Government must either (1) consider the property as evidence in a federal prosecution or (2) direct state officials to seize the property as agents of federal authorities"). Nothing in the Government's response suggests a contrary conclusion. *See* Filing 189 at 2, 6.

The Government states that it "is prepared to release [Trouba's] electronic devices when the statute of limitations for [Trouba] to seek collateral relief has fully elapsed." Filing 189 at 2. This is consistent with the Eighth Circuit's recognition that "[t]he pendency of a direct appeal or a post-conviction proceeding might justify the government's further retention of property as potential evidence in a criminal case." *United States v. Mendez*, 860 F.3d 1147, 1150 (8th Cir. 2017). The Government's guarded reservation is not without basis. Trouba has expressed his intention to raise a motion pursuant to 28 U.S.C. § 2255 in prior filings and has specifically asked that this Court appoint him counsel to that end. *See* Filing 177; Filing 178; Filing 188. Thus, as the Eighth Circuit explained in *Mendez*, at this post-judgment stage in the case, the Government's need for the property is within Trouba's control. *Mendez*, 860 F.3d at 1150. If he wanted to, Trouba "could forego . . . a post conviction motion and seek immediate return of seized property. Or he

5

could pursue efforts to reverse or set aside the judgement, in which case his ability to seek the return of property might be delayed." *Id.* The choice is Trouba's to make. While the Court does not envision that Trouba's case will prove to be "a rare case in which . . . post-conviction proceedings consume six years from the date of judgement, and justify the government's continued retention of property throughout the limitations period," there are "mechanisms available . . . to ensure that a claimant need not choose between seeking relief from the judgement and return of his property." *Id.* For the time being, the Court will not order return of these electronic devices given the Government's willingness to return them once Trouba's deadline for collaterally attacking his conviction and sentence runs. No evidentiary hearing with respect to this property is necessary at this time.

   3. *Category Three: The Gummies*

The final category of property at issue is the "Wana Gummies." Filing 188 at 14–15. The Government devotes the bulk of its response to addressing this property. Filing 189 at 2–5. Although these gummies are also being held by the Douglas County Sherriff's Office Property and Evidence Division, the Government asserts that "they will be treated as contraband and will not be returned to [Trouba] absent a Court Order to do so." Filing 189 at 2.

In order for Trouba succeed on his Motion with respect to these gummies, one of the things he "must show" is that "he is entitled to lawfully possess" them. *Howard*, 973 F.3d at 894. If the gummies constitute contraband as the Government asserts, then it is proper to deny Trouba's Rule 41(g) Motion as to this property. *See Jackson*, 526 F.3d at 397 ("A Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues") (internal quotation marks and citation omitted). While the "movant must establish lawful entitlement to the property" the Eighth Circuit has admonished that courts "should afford

the movant an opportunity to meet this burden, which may include, but does not require, an evidentiary hearing." *Jackson*, 526 F.3d at 396. "'When it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property, the district court need not hold an evidentiary hearing.'" *United States v. Lukkes*, No. CR 18-50139-01-JLV, 2022 WL 1405653, at *1 (D.S.D. May 4, 2022) (quoting *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000), abrogated in part on other grounds by *Henderson v. United States*, 575 U.S. 622 (2015)).

Based on the evidence the Government has provided thus far, the unlawfulness of the gummies is not readily "apparent." *Howard*, 973 F.3d at 894. The Government states in its brief that "cannabis plants and derivatives that contain no more than 0.3 percent THC on a dry weight basis are no longer controlled substances under federal law." Filing 189 at 3 (citing 7 U.S.C. § 1639o(1)). The Government also notes that Nebraska state law similarly proscribes possession of hemp products with a delta-9-tetrahydrocannabinol concentration of 0.3 percent or more on a dry weight basis. Filing 189 at 4 (citing Neb. Rev. Stat. § 2-503). Forensic testing of these gummies detected "the presence of cannabinoids in the product with a delta-9-THC concentration of 0.2956%" and that this testing has a margin of error of .025%. Filing 189 at 5; Filing 191-7. The Government posits that when this margin of error is factored in, the "delta-9-THC concentration could exceed the threshold at the upper end at 0.32%." Filing 189 at 4. By that same token, however, the delta-9-THC concentration could be as low as .2706% if this error rate is applied in the opposite direction. Either way, the Government contends that "[t]o conclusively show that he may legally possess the 'Wana gummies,' [Trouba] would have to provide additional evidence to a reasonable degree of scientific certainty that the gummies in each of the 173 containers all fall below the 0.3 percent threshold." Filing 189 at 5. Because the Court must allow Trouba an opportunity to meet his burden of showing he is lawfully entitled to possess these gummies, and

7

an evidentiary hearing is the most prudent means of doing so under the circumstances, the Court will order a hearing. *See Jackson*, 526 F.3d at 396.

　4. *Appointment of Counsel*

For the reasons explained above, the Court concludes it is appropriate to order an evidentiary hearing so that Trouba may have an opportunity to meet his burden of showing a lawful entitlement to the appliances and yard accessories as well as the gummies. *Jackson*, 526 F.3d at 396. The Court likewise concludes that it is appropriate to appoint counsel to represent Trouba at the hearing. *See e.g.*, *United States v. Howard*, No. 8:13CR73, 2019 WL 4673195, at *1 (D. Neb. Sept. 25, 2019) (appointing the Federal Public Defender for the District of Nebraska to represent an incarcerated movant on his post-conviction Rule 41(g) motion after receiving the Government's response and index of evidence), *aff'd*, 973 F.3d 892 (8th Cir. 2020); *Jenkins v. United States*, No. 3:19-CV-188, 2021 WL 11560293, at *1 (D.N.D. June 22, 2021) (noting that the court granted the incarcerated movant's motion to appoint counsel on his Little Tucker Act claim and appointed the Federal Public Defender to represent him), *aff'd*, 71 F.4th 1367 (Fed. Cir. 2023); *United States v. Kozak*, No. 2:11-CR-FTM-29SP, 2014 WL 4205881, at *4 (M.D. Fla. Aug. 23, 2014) (appointing the Federal Public Defender's Office to represent the movant at a Rule 41(g) evidentiary hearing in a case where the Rule 41(g) motion was not filed until after the close of criminal proceedings). Accordingly, the Office of the Federal Public Defender for the District of Nebraska is appointed to represent Trouba at this Rule 41(g) evidentiary hearing to address the aforementioned categories of property.

### III.　CONCLUSION

The Court's review of the record and materials that have been submitted on the matter lead it to conclude that an evidentiary hearing is appropriate and that Trouba should have counsel at this hearing. Accordingly,

IT IS ORDERED:

1. The Court will hold an evidentiary hearing on the matters addressed in this Order at a future date to be scheduled by separate order; and

2. The Office of the Federal Public Defender is appointed to represent Trouba at this evidentiary hearing and on his Rule 41(g) Motion.

Dated this 26th day of July, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge