IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20–CR–316 |
| vs. | **ORDER** |
| THOMAS J. TROUBA, | |
| Defendant. | |

This matter is before the Court to conduct an initial review of Thomas J. Trouba's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 194. The defendant was sentenced on January 10, 2024, to 120 months' incarceration, Filing 135 (Judgment), which was the high end of the sentencing range permitted by the defendant's Rule 11(c)(1)(C) plea agreement in this case, Filing 92 at 4. In his Motion, the defendant asserts four grounds for habeas relief, all related to ineffective assistance of counsel. Filing 194. These grounds are as follows: "Defendant received two competency evaluations prior to entering a plea; Counsel did not raise competency at time of plea"; "Communications had broken down between Defendant and Counsel during the proceedings"; Counsel failed to explain the changes in the plea at the change of plea hearing"; and "Trial counsel was representing another client who was a potential witness against Defendant." Filing 194.

The judge receiving a § 2255 motion to vacate must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

The Court has conducted an initial review and, for at least one of the defendant's grounds, the Court cannot conclude that it "plainly appears" he is not entitled to relief. *See Allen v. United States*, 854 F.3d 428, 432 (8th Cir. 2017) (providing that the right to effective assistance of counsel "extends to the plea-bargaining process such that '[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it'" (quoting *Lafler v. Cooper*, 566 U.S. 156, 168 (2012))). Therefore, the Court orders the United States to respond to the grounds presented in the defendant's Motion within no later than 21 days after the date of this order. The Court defers determining whether it is necessary to hold an evidentiary hearing until it has reviewed the United States' response. Accordingly,

IT IS ORDERED that the United States shall respond to the defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 194, no later than March 11, 2025.

Dated this 18th day of February, 2025.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge