IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  THOMAS J. TROUBA,  Defendant. | 8:20–CR–316  AMENDED ORDER |

On January 5, 2023, the Court sentenced the defendant to 120 months' incarceration after the defendant pleaded guilty to a conspiracy to distribute and possess with intent to distribute marijuana, a mixture or substance containing tetrahydrocannabinol, and a mixture or substance containing 3,4-methylenedioxymethamphetamine. Filing 135 (Judgment).[1] On December 26, 2024, the defendant filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Filing 194. On February 18, 2025, the Court ordered the Government to respond to several of the defendant's allegations. Filing 196. This matter is before the Court on the Government's Motion to Confirm Waiver of Attorney-Client Privilege as to Issues Raised in Defendant's Motion under 28 U.S.C. § 2255, filed February 19, 2025. Filing 198.

The Eighth Circuit has established that a defendant "waive[s] the attorney-client privilege when [he] assert[s] he should be able to withdraw his guilty plea based on the erroneous advice of his appointed counsel." *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009); *see also Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question

---

[1] The previous Order ruling on the Government's Motion to Confirm Waiver of Attorney-Client Privilege misstated the defendant's sentence due to a clerical error. Filing 200. This Amended Order is identical to the previous Order, except that this Amended Order accurately states the defendant's sentence and orders that the previous Order be stricken. The purpose of this Amended Order is to ensure the record's accuracy and should not be construed to require any further action by the parties.

the competence of his attorney, the privilege is waived."). Thus, the defendant waived the attorney-client privilege as to issues raised in his § 2255 Motion when he filed a Motion alleging ineffective assistance of counsel. Filing 194. Accordingly,

IT IS ORDERED:

1. The Court's previous Order on the Government's Motion to Confirm Waiver of Attorney-Client Privilege, Filing 200, shall be stricken due to clerical error;

2. The Government's Motion to Confirm Waiver of Attorney-Client Privilege as to Issues Raised in Defendant's Motion under 28 U.S.C. § 2255, Filing 198, is granted;

3. The defendant has waived the attorney–client privilege with respect to the matters raised in his ineffective-assistance-of-counsel claims in his motion filed under 28 U.S.C. § 2255;

4. The Clerk's office is directed to provide a copy of this order to the defendant's former counsel, Mr. Steven Lefler and Mr. Matthew Burns;

5. Mr. Steven Lefler and Mr. Matthew Burns shall provide affidavits and to communicate with the Government for the limited purpose of addressing all pertinent information necessary to fairly respond to Trouba's Motion.

6. The Clerk is directed to mail a copy of this order to the defendant at his last known address.

Dated this 14th day of April, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge