IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20-CR-316 |
| vs. | **ORDER** |
| THOMAS J. TROUBA, | |
| Defendant. | |

This matter is before the Court on the defendant's pro se Motion to Recuse and Reconsider [Order on Petition under 28 U.S.C. §] 2255, Filing 211, and his Motion for Change of Venue, Early Release, and to Seal Whole Case, Filing 213. On April 15, 2025, the Court denied the defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 209. For the reasons stated below, the defendant's various requests are denied.

The Court will begin with the defendant's Motion to Recuse and Reconsider. Although the Eighth Circuit has not yet decided "whether to import the civil motion for reconsideration standard into the criminal context," *United States v. Luger*, 837 F.3d 870, 876 (8th Cir. 2016), the Court will nevertheless consider the merits of the defendant's Motion. Motions for reconsideration "serve the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence.'" *Id.* (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)). The defendant's arguments for reconsideration include the undersigned judge's purported bias and the government's alleged lack of evidence. The Court addressed both these issues in its previous Memorandum and Order. *See* Filing 209 at 7 (concluding that the defendant's "Motion to Recuse is without merit and is denied") and 14–15 (discussing the evidence—including the defendant's admissions—justifying the defendant's conviction and

1

sentence). The defendant also avers that his "appeals attorney fai[ed] to appeal [his] forfeiture," purportedly asserting ineffective assistance, Filing 211 at 2, but the defendant's Motion to Vacate nowhere mentions his appellate attorney, *see generally* Filing 194. Even if the defendant had asserted his appellate counsel's failure to appeal the forfeiture order as a ground for relief under 28 U.S.C. § 2255, that ground would have been denied. The defendant explicitly waived his right to appeal this matter in his plea agreement, Filing 92 at 1, 5 (only preserving the suppression issue for appeal as part of his conditional guilty), meaning appellate counsel's performance was not "deficient" for failing to raise forfeiture on appeal, and the defendant was not "prejudiced" by appellate counsel's performance. *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (requiring petitioners under 28 U.S.C. § 2255 to establish prejudice resulting from counsel's defective performance). Thus, because nothing in the defendant's Motion identifies any "manifest errors of law," or "present[s] newly discovered evidence," *Luger*, 837 F.3d at 876, or otherwise convinces the Court that the defendant's claims are meritorious, the defendant's Motion to Recuse and Reconsider is denied.

The defendant's remaining various requests for relief are similarly denied. The defendant seeks a new venue due to the alleged inconvenience of this venue. *See* Filing 213 at 1 ("I am requesting a change of venue in respect to save time and money as PCI Englewood is not equipped to do Zoom court [and] there is no good reason to send me back to Nebraska [for any hearings.]"). The defendant's convenience-related concerns about this venue are unfounded: the United States Marshal Services and Bureau of Prisons are accustomed to transporting and housing defendants in this District for all variety of hearings. Moreover, the defendant's request for "early release" is denied because any request for a modified sentence is premature until a prisoner exhausts his administrative remedies with the Bureau of Prisons. *United States v. Houck*, 2 F.4th 1082, 1084

2

(8th Cir. 2021) (describing exhaustion of administrative remedies as a "mandatory claim-processing rule[ ]"). Finally, the defendant's request "to seal [the] whole case" is denied: none of the defendant's private information—which would require redaction under Federal Rule of Criminal Procedure 49.1(a)—appears on the docket, nor is there "good cause" to "require redaction of additional information" or "prohibit . . . remote electronic access" to the defendant's docket. Fed. R. Crim. P. 49.1(e). Accordingly,

IT IS ORDERED

1. The defendant's Motion to Recuse and Reconsider, Filing 211, is denied; and
2. The defendant's Motion for Change of Venue, Early Release, and to Seal Whole Case, Filing 213, is denied.

Dated this 11th day of June, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge